# IN THE UNITED STATES COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY M. HELFERTY | : CIVIL ACTION – LAW |
| Plaintiff | : |
| vs | : |
| HOWARD HOLLAND, Warden | : |
| GEORGE ROBERTS, Deputy Warden | : Case No. 2:24-cv-2269 |
| ROBERT MASTNJAK, Lieutenant Corrections Ofc. | |
| SCOTT PEZICK, Police Officer | |
| EDWARD NOLAN, G.T.L. Custodian of Records | |
| Defendants | |

## PLAINTIFF'S MEMORANDUM AND REPLY TO ALL OF DEFENDANTS OPPOSITIONAL STATEMENTS
## ECF's 42, 43, & 46

Anthony M. Helferty, the plaintiff and pro se litigant confined in the Chester County Prison in West Chester, Pennsylvania authors this reply to the defendants Responses In OPPOSITION to plaintiff's Second Amended Complaint and Petition for Preliminary Injunction, and in support thereof sets forth the following:

## I. CASE CHRONICAL

1. Helferty filed his initial complaint May 17th, 2024, which Judge Goldberg dismissed with leave to file an Amended complaint. The Courts Prothonotary was ordered not to serve the amended complaint

until Judge Goldberg "... ORDERED to do so." This element is relevant to the misconduct citations against Helferty in July 2024. Helferty refiled his second complaint July 22nd, 2024.

2. On or about August 19th, 2024, Attorney Guy Donatelli filed an answer to Helferty's second Complaint. On August 27th, 2024, the plaintiff received an order to schedule settlement, and setting deadlines for discovery, reports, rebuttal etc. Defense counsel has refused the optional F.R. Civ. P. 26 (f) conference.

3. On August 29th, 2024, Helferty filed a motion requesting leave to file an amended complaint. (ECF's 15 & 16), which defense responded to with a memorandum of law (ECF 17) on September 17th, 2024. Your Honor granted Helferty's motion to file an amended complaint on November 26th, 2024, which permitted Helferty 30 days to file.

4. On November 4th, 2024, Helferty filed "PETITION FOR PRELIMINARY INJUNCTION WITHOUT PRIOR WRITTEN NOTICE AND HEARING." This petition was never received by this Court's Prothonotary, despite Helferty's service records pursuant to the "PRISONER MAIL BOX RULE" and F.R. Civ. P. 4 (1) et al.

5. On December 22nd, 2024, Helferty filed his amended complaint to this Honorable Court after Judge Goldberg granted leave to do so (ECF 24). Despite Helferty's service records, Helferty's Amended Complaint was not received by this Court's Prothonotary. Albeit

pursuant to F.R.Civ.P. 4 [1] et al, And additional to Helferty's service records for his Complaint and Injunction, he also possesses cash receipts for copies and postage to corroborate his claim of mailing and service.

6. On November 14th, 2024, Helferty filed a "REQUEST FOR PRODUCTION OF DOCUMENTS" (ECF 21 and 23) and a "NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS ... PURSUANT TO F.R.Civ.P. 45" attached to a Request (ECF 23). On February 26th Helferty received a response on behalf of defendant's Holland, Roberts, Mastnjak and Chester County which contained 512 documents, one (1) video, and four audio recordings. The defenses response to produce discovery is incomplete.

7. On January 21st, 2025, Helferty filed a "REQUEST FOR SUBPOENA PURSUANT TO F.R.Civ.P. 45 [D] (4)" (ECF 27) with the request previously filed which was marked ECF's 22 & 23. This Court did not respond or take action. On March 22nd, 2025, Helferty wrote a letter to the Prothonotary office in care of Patrick McLaughlin and Stephen Gill. On March 31st, 2025, the Prothonotary responded with several blank subpoena forms with a signature in blue validating the subpoena by George Wylesol Deputy Clerk.

8. On Febrary 20th, 2025, Attorney Guy Donatelli on behalf of defendant's Holland, Roberts, Mastnjak and Chester County filed a Motion for Summary Judgment (ECF 30) with supporting BRIEF and exhibit A which

contained items bates stamped CCP001 through CCP019. Their Motion was based upon rule 12$^{(c)}$, 56$^{(c)}$, and claims Helferty failed to file a third amended complaint pursuant to Judge Goldberg's November 26th, 2024, order (ECF 24). In doing so, the defense claims Helferty failed to establish 42 USC $^{§}$1983 claim against defendants individually and officially. Helferty was served February 25th, 2025, at 3 pm.

9. On March 15th, 2025, Helferty placed copies of his previously filed "PETITION FOR PRELIMINARY INJUNCTION..." and "AMENDED CIVIL COMPLAINT" in prison postal custody. To validate, he prepared and filed service records showing service on 3/15/25 at 21:40 pm at CCP Work Center with officer Ditters. Helferty signed for overweight postage with Counselor Hatrick on 3/17/2025 at 13:40 pm. Helferty retained the cash slip for postage to validate service.

10. On March 26th, 2025, Helferty filed an "AFFIDAVIT IN OPPOSITION...", EXHIBITS H~1 through H~7 and "BRIEF IN SUPPORT OF AFFIDAVIT..." at 21:00 pm at CCP Work Center, with officer Barrett and Ditters. Helferty signed for overweight postage with Counselor Duane on 3/27/2025 at 11:51 am. Helferty retained the cash slip to validate service.

11. Since Helferty's filing the initial CIVIL COMPLAINT on May 17th, 2024, a number of documented events have occurred for which Helferty seeks protection from. The most recent event was while Helferty *had a party*

executing service of a subpoena pursuant to F.R. Civ. P. 45$^{(b)}$(1). That incident had occurred on April 4th, 2025. Additionally, for the second time, a defendant to this action made personal contact with Helferty on April 22nd, 2025, which was witnessed, however served no legitimate purpose other than to annoy this plaintiff.

12. Shortly before, on April 16th, 2025 Helferty filed his Second "PETITION FOR PRELIMINARY INJUNCTION WITHOUT PRIOR WRITTEN NOTICE OR HEARING." Then on April 18th, 2025 Helferty filed his request for "PRODUCTION OF DOCUMENTS AND OTHER ITEMS."

13. Contemporaneously, the defense was filing their "RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND AMENDED COMPLAINT" and "RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION." Their filing date appears to be April 14th, 2025, however Helferty was not served until April 21st, 2025 at 12:30 pm.

14. Although the defense was not served with Helferty's "SECOND PETITION FOR PRELIMINARY INJUNCTION..." dated April 16th, 2025, many of their concerns in both of their oppositional responses can be answered there. However I generate this reply to answer each of their oppositional concerns one at a time. I combine both of their oppositional responses into one reply. As of now it appears they have been served of all the plaintiff's documents.

15.) Plaintiff Helferty seeks a myriad of protections and awards by ruling from this Court, his requests are proper because the defendants including newly named defendants Pezick and Nolan have violated Helferty's first, eighth, fourteenth amendments, retaliated and harassed Helferty, conspired with others to retaliate and harass Helferty, interfered, tampered and/or destroyed evidence, subjected Helferty to psychological and emotional injury, subjected Helferty to physical violence three (3) times, failed to apply laws and prison regulations to Helferty equally as other inmates, interfered with discovery as well as service of a SubpoenA duLas tEcUm, and the list continues to grow for everyday Helferty remains in the custody of the Chester County Prison beginning September 13th, 2023 and, barring no adverse incidents, ending July 13th, 2025.

16.) Helferty's evidence beginning with his initial filing, exhibit A~1, B~2 & 3, H~1 through H~7 and PJ~1 through PJ~8 certainly indicate Helferty's allegations against the defendants are not only truthful, but actively occurring. If Helferty is able to conduct proper discovery of tangible evidence including digital and electronically stored evidence, Helferty will further prove his allegations are true, this case contains a question of law that only an impartial jury can decide, and the defendants are guilty of the allegations beyond all reasonable doubt.

## II. RETORT TO ECF 42:II

17.) The defenses contention summarized in their Oppositional response ECF 42, I & II that Helferty is trying to [SIL] "... delay and 'game' the litigation process" or his [SIL] "... dissatisfaction that his electronic tablet was confiscated..." is a lollygagging response to a serious and controlling question of law. Is this illusive confiscation policy, that exists nowhere in writing, violate the constitutional rights protected under the first and fourteenth amendment? The answer is yes.

18. I direct your attention to exhibit R~2 which is a copy of the contract and stipulations each inmate agrees to when being assigned their personal tablet. Bullet point number 3 states the following:

"I understand tablet access is a privilege, not a right, and this privilege can be SUSPENDED as a sanction for failing to follow institutional rule."

The precise term confiscated does not appear in this contract, nor is there any policy in Helferty's exhibit R~3 (marked by this court as Document 12-1,) or the defense exhibit bates stamped CCP 349 through CCP 388. Helferty contends that the illusive confiscation policy is not existent. Lieutenant Mostnjak's act of confiscation on April 17th, 2024, whether or not related to a valid penological interest, is constitutionally violative of not only Helferty's rights, but every other inmate who experienced the same or similar deprivation.

14.) Mr. Donatelli's assertation of the plaintiff's dissatisfaction is trying to explain away Helferty's filing as a childish tantrum but clearly the evidence supports otherwise. Whether or not the policy exists to "confiscate" one's tablet is irrelevant because such an action is constitutionally offensive. See: Reynolds V. Wagner 128 F.3d 166, 183 3d Cir. 1997; also: Schack V. Wainwright 391 F.2d 608; and McCray V. Sullivan 509 F.2d 1332. Restrictions may amount to an uncons-titutional right if it is related to a valid penelogical interest. Helferty and Witness Mark Nalis had their tablets confiscated for lending / trading pin numbers and misuse of the phone/ tablet. This misconduct is vague and does not specify if the phone or tablet was used and the charge encompasses both acts as one.

20.) Witness and inmate Walter Loper, who appears in Helferty's exhibit H~4, and defense exhibits bates stamped CCP 391 through CCP 398 was cited and found guilty of nudity and other related infractions for a third time. He had continuous access to his tablet. This was Mr. Nalis' first and only infraction, this was Helferty's second infraction involving the phone and tablet. What justifiable reason made confiscation peneologically necessary? Helferty contends that not only was the confiscation done with animus, it served no peneological interest. and done with the purposeful intend to deprive Nalis and Helferty of their right. It was not Helferty's

childish reaction but Mastnjak childish and controlling response to these menial infractions of loaning pin numbers and phone accounts.

21.) It is not the confiscation alone that is unconstitutional, but the resultant injury secondary to the confiscation. On April 17th, 2024, the day Mastnjak committed the confiscation, at that instant moment Helferty was preparing for his upcoming parole hearing. He was actively utilizing the Lexus Nexus Law library application. The resulting injury is Helferty was denied parole resulting from the confiscation. Helferty was denied all law library access to prepare cross examination of the only witness, Robert Mastnjak, who selfishly thrusted himself into Helferty's parole hearing to give testimony and evidence without being served with a subpoena to do so. Aside from cross examination, Helferty was unable to research any legal material regarding identification by voice, hand writing or photograph. Helferty was unable to conduct legal research regarding hearsay testimony being admissable from confidential informants not present to testify. Helferty was unable to research admissability of a document as hearsays or Admissability of testimony about a phone call in violation of the Pa. Wiretap act. All issues Helferty faced. All issues raised in Helferty criminal appeal that went missing in prison postal custody for two (2) weeks before being submitted. Another injury Helferty suffered.

22.) Up until Mastnjak's involvement on April 11th, 2024 Helferty's parole hearing was supposed to be routine. He would stand before the court, present evidence of all the rehabilitation he completed and hopefully be granted early parole from an illegal and excessive period of confinement. Helferty need not be familiar with hearsay or rules of evidence. After his parole was denied, Helferty filed post sentencing motions to which the district attorney argues was improperly filed, and an appeal to which the district attorney alleges was untimely. See Exhibit R~3 the district attorney's summary of argument gives a timeline of Helferty's filing. The temporal proximity of that timeline coincides with the tablet depravation timeline. Helferty's appeal suffered due to the confiscation.

23.) It is now Helferty's contention which is now supported by evidence that his early stages of appeal were frustrated by the tablet confiscation as well. All this due to defendant Mastnjak's action of confiscation which was overseen and approved by Holland and Roberts.

24.) Furthermore, these same defendants were implementing new privileges such as tablet access knowing that the use of the tablet was tied to rights inmates possess such as mail and access to the court and failed to implement any rules for it. The inmate handbook has

not been revised since July 2018. Tablets became available to inmates in 2021 part time. Tablets were given to inmates personally in February 2024 and to this day the defendants still have no firm or permanent policies for tablets other than the six (6) bullet points in exhibit R~2. This case is evidence that tablet use, assignment and access is far more complex than six (6) bullet points.

25. A prisoners right to free flow of incoming and outgoing mail is protected under the first amendment so how could one effectuate communication by mail if they're unable to view incoming mail on their tablet? See: Dwaras V. City of N.Y. 985 F.2d 44, 48 (2d Cir. 1993) Chester County Prisons response is to print it from the server however my mail from June 18th, 2024 was printed and delivered July 3rd, 2024. A significant delay in service. Now in the present sense of time my mail is be refused see exhibit R~4. Where is the substantial government interest as expressed in Prulunier V. Martinaz 416 U.S. 396 (1974)

26. The Supreme Court made clear in 1974 that:
    "... prisoners do not forfeit all constitutional protections by reasons of their conviction and confinement. Though his rights may be diminished by the needs exigencies of the institutional environment, a prisoner is NOT wholly

stripped of constitutional protections when he
is imprisoned for crime. There is no iron curtain
drawn between the constitution and the prisons
of this country." See: Wolff v. McDonnell
418 U.S. 539, 556 (1974).

27. While prison officials have support from the government
to place restrictions upon an inmates rights, those
restrictions need to be related to preservation of internal
order and discipline, and to maintain institutional security.
The tablet contract clearly states "suspended" as seen in
exhibit R-2. Witness Loper's tablet was "suspended"
while on K-block restriction, or "the hole" with continued
access to law library and incoming mail as shown by
Helferty's previously submitted exhibit **H~4.**

28. What does a suspended tablet look like? I direct your
attention to exhibit R~1. This exhibit contains three (3)
views of inmates tablets when they suspend an inmates
usage. The "standard" "promotional" and "Promotional VP
streaming" applications are suspended in view 1. in views
2 and 3 the "Acess Pass" and "Phone dialer" are
suspended, while the "Free" "video visit" "Law Library"
and "Education" applications are still accessible to inmates.
The circumstances are exactly how they describe in
their contract as "Suspended" and not confiscated,
or denied access to mail or legal resources. For the
record, the "Free" application is where you view inmate mail.

29. The concept of Helferty's evidence labeled as H~2, which could be described as a list of inmates names and cell assignments is to show officers that those inmates on that list are permitted use and access to their tablet every Monday, Wednesday & Friday for one (1) hour, typically 6:30 pm to 7:30 pm to utilize their tablet applications. For this purpose specifically is for law library access, but the concept is all applications that are not suspended. Helferty avers, for this purpose, confiscation was not necessary, and it did violate his access to mail protected under the first amendment, and violate his access to legal reference protected under the fourteenth amendment.

## III. RETORT TO ECF 42: III A. & B.

30. Next it appears that the defense is displeased with Helferty's amended filing dated, filed and served on December 23$^{cd}$, 2024 pursuant to the "PRISONER MAIL BOX RULE," F.R.Civ.P. 4$^{(l)}$(1), F.R.A.P. 4$^{(c)}$(1)(A)(i)$^{&}$(ii) and Pa.R.A.P. 121$^{(f)}$ all of which are listed on Helferty's service application. Furthermore, it appears the defense is unwilling to honor any of the aforementioned rules specifically put in place for scenarios like this, where an inmate does not have direct and meaningful access to alternative mailing options as proof of service. With that, the defense contends that Helferty's "Amended Civil complaint" and "Petition for Preliminary Injunction ..." was not filed until March

19th, 2025. The defense further contends Helferty failed to make contact with the prothonotary until after their motion for summary judgment was filed. This is <u>ALL</u> incorrect in it's entirety.

31. In review of the docket entries for this case, you can clearly see on January 27th Helferty filed three (3) items ECF's 26, 27 & 28. In review of Helferty's Case Chronical at ¶ 7, the Courts Prothonotary did not respond to any of his communication until March 31st, 2025, after Helferty filed a second copy of his Complaint dated 12/23/2024, and Injunction dated 11/04/2024. Those filings were mailed for a second time. The first mailing being on or about 12/30/2024.

32. In review of Helfertys newly filed "Petition for Preliminary Injunction ..." dated April 13th, 2025 at ¶ 22 through 27 give a detailed description of complications with incoming and outgoing mail, Exhibit <u>R~4</u> is clear cut evidence supporting his claims. Someone in this prison was and continues fouling up the mail here, specifically Helferty's outgoing legal documents, and incoming personal mail.

33. For simplification, I will first explain in detail the procedures for sending mail here at Chester County Prison. Any standard sized mail such as a white envelope 4 $^1/_8$" × 9 $^1/_2$" is submitted to the block officer. It goes in a pile on the desk and is picked

up usually once a day. If for instance it was an oversized envelope, like the manilla envelopes I use that are 9 1/2" x 12 1/2", it is mailed the exact same way. Whether it's legal mail or personal mail it is all handled the same.

34. The only mail handled seperately is something sent certified mail, return receipt or deals with funds. That kind of mail is done by written request and could potentially take days for a staff member to act upon your written request. Essentially any mail like that described above serves no purpose for this circumstances. You can not send mail certified or return receipt in the same day you request it.

35. Each envelope is sent to the mail room here in the prison. There are no cameras in the mail room and access to the mailroom is unrestricted. Any officer could walk in to the mail room. There are two (2) cameras outside of the mail room. They can not view inside the mail room. They only view the hallway outside.

36. Once an envelope arrives at the mailroom the items are typically weighed. If it is overweight, the mail room officer writes on the top of the envelope the amount of money needed for mailing the item. I direct your attention to exhibit H~6. A copy of an envelope

addressed to the Chester County Clerk. At the top of the envelope you can see " + 9.65," that is the marking from the mail room indicating $9.65 is needed to mail that item. The envelope is then sent back to the inmates counselor who generates a receipt like the ones found in Exhibit R~6. The counselor then makes contact with the inmate who signs the receipt. This process can take as little as one (1) day which is a rare occurrance up to two (2) weeks. My contention is that three (3) to five (5) days is the typical timeframe for overweight postage.

37. Once the inmate signs the receipt it then goes back to the mailroom to receive a postage stamp and it typically gets placed in United States Postal Custody the following day. As stated supra, the typical turn around for overweight mail is three (3) to five (5) days.

38. Once the inmate surrenders the envelope to the block officer, he can not remove it from postal custody. If he does, the receipt is destroyed and the envelope is given back to the inmate. The point is if the inmate gets charged for overweight mail it is presumed it went into United States Postal Custody. There are no alternatives; atleast there is not supposed to be any alternative destinations other than U.S. mail.

39. The defenses contention that Helferty did not mail his Amended Civil Complaint timely, or that the first Petition for Injunction was not received is impossible. I direct your attention to exhibit R~5 on page 8 at receipt # 368438 dated 11/08/2024 for "extra postage" in the amount of # 90.$^{84}$. That particular transaction was to make copies and postage associated with his Injunction dated November 4th, 2024.

40. Helferty's next exhibit, R~6 is a total of 27 receipts which are generated by inmate counselors for two (2) main reasons; Copies and extra postage. Unfortunately, only five (5) of the 27 receipts correlate to entries on the inmate account statement shown in exhibit R~5. The remaining 25 receipts do not correlate by date, amount or receipt number, so this method that should be the most reliable system to determine Helferty's filings, is in-accurate by over 88%

41. For complex and failing systems like these, the only reliable source to determine service is the affidavits generated by Helferty which is done exactly the same way every time there is a legal filing. Helferty has sent ten (10) requests in just 2025 for clarification on his inmate account and every request has went unanswered. As of this date (5/5/2025) I have paid in installments of the # 350 filing fee from filing in this court

#228.$\frac{83}{}$ but I have only received one receipt for $7.$\frac{50}{}$ for copies of the original complaint. The "PRISONER MAIL BOX RULE" F.R.Civ.P. 4 [(1)] [(i)], F.R.A.P. 4 [(c)] [(1)] [(A)] [(i)] & [(ii)], and Pa.R.A.P. 121 [(f)] were promulgated for scenarios just like this.

42. I will visit the language of each Rule first:

F.R.Civ.P. 4 [(1)] PROVING SERVICE

(1) Affidavit required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the servers affidavit.

F.R.A.P. 4 [(c)] APPEAL BY AN INMATE CONFINED ...

(1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this rule 4 (c)

(1). IF an inmate files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institutions mail system on or before the last day for filing and:

(A) (i) It is accompanied by a declaration in compliance with 28 USC $1746 — or a notarized statement — setting out the date of deposit and stating that first-class postage is being prepaid; or

(ii) evidence (such as a postmark) showing that the notice was so deposited and that postage was prepaid ...

## Pa. R. A. P. 121 <sup>(f)</sup> FILING AND SERVICE

Date of filing for incarcerated persons. -- A pro se filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

43. Helferty directs your attention to Exhibit R~7 which are affidavits verifying service of his Amended Civil Complaint on 12/23/24 at 1:26 pm on M-block to Officer Mehn; and his Petition for Preliminary Injunction... on 11/04/24 at 16:54 pm on L-block to officer Asskaryder. Both affidavits are sworn to truth under 28 USC § 1746; It references the rules listed supra, and in detail explain who was served and the manner by which they were served.

44. In addition to the affidavit there is a secondary affidavit on prison stationary which contains all the information discussed supra. This affidavit on prison stationary is done pursuant to the "PRISONER MAIL BOX RULE." This rule is a bright-line rule, not an uncertain one. It has been decided in districts all over the nation, and applies for most filings a pro se prisoner would file while in custody of an institution. The Prison mailbox rule turns on when the document was placed in the custody of a prison official for mailing (See HOUSTON v. LACK 487 U.S. 266)

45. It is for this reason applicable once the document reaches prison authorities custody because the inmate loses all control over his mail. As mentioned and described 54 para at ¶¶ 33 through 37, Chester County Prison does not have a seperate mailing system for legal mail. For that reason, the post mark on the envelope is not a reliable source of filing. The Court MUST use the date the document was signed and dated IF ACCOMPANIED BY THE PROPER DECLARATION. If your Honor or the defense should cast any doubt about any of Helferty's pro se filings, I implore you to challenge my records. You will find that Helferty executes the same mailing and documenting procedure every time for every filing.

See: Bad Bubba racing products, inc 609 F.3d 415
"a pro se prisoner has no choice but to hand his [documents] over to prison authorities for forwarding to the court clerk. Further, the rejection of the mailbox rule in other contexts has been based in part on concerns that it would put all evidence about the date of filing in the hands of one party."

46. Helferty avers that despite this Honorable Courts prothonotary not receiving his filings, his affidavits of service are stand alone proof that service was made on the date Helferty so alleges it was served. That date was 12/23/2024 to which Helferty signed for overweight postage 12/30/2024

## IV. RETORT ECF 42: III c.

47. The defense contends that Helferty's amended complaint fails to State a Cause of Action or include any new Factual Averments in Support. The original complaint filed in May 2024 was straight forward and alleged a first amendment violation for denial to incoming mail, an eighth amendment violation against superiors Holland and Roberts for failing to establish any policies for mail and law library access to inmates deprived of their electronic tablet, and a fourteenth amendment violation for denial to use the law library. The depravation lasted 77 days.

48. Your Honor had dismissed Helferty's original complaint with leave to file an amended complaint. Helferty did so on July 22nd, 2024. On August 29th, 2024 Helferty filed a motion to file an amended complaint to include the newly occurring violations that occurred after the initial filing. Those violations included retaliation, campaign of harassment which are covered under the first amendment; Cruel and unusual punishment under the eighth amendment; Various due process issues with respect to institutional disciplinary proceedings including evidentiary and sentencing, and as time went on other constitutional violations have occurred and continue to occur for instance first amendment issues regarding incoming mail, harassment by prison officials and it's temporal proximity to Helferty's filing of greivances and other legal filings, interference

with the distribution of legal mail both incoming and outgoing protected under the fourteenth amendment. Most recently, action protected under the fourteenth amendment, the service of a SUBPOENA DUCES TACUM having been interferred by a prison official; Also there is evidence of "evidence tampering" and even destruction in a willful attempt to hide wrong doing by other prison officials, county employees, contract employees and co-conspirators.

49. Despite the courts prothonotary not receiving the filing, Helferty did in fact file a "PETITION FOR PRELIMINARY INJUNCTION WITHOUT HEARING OR NOTICE TO DEFENDANTS" dated November 4th, 2024, and to meet continuing violation, harassment, retaliation INTER alia, Helferty filed a second Petition for INJUNCTION more recently dated April 13th, 2025. The violations have not stopped. The retaliation and harassment continues. The fooling up the incoming but mostly outgoing legal mail is ACTIVE and continues as recent as of today (05/07/2025). Yesterday, Helferty mailed six (6) legal envelopes to this Court and defendants, and another court with the same defendants. Only three (3) envelopes circulated back for endorsement for overweight postage. How for the life of me I will not understand the three (3) envelopes are missing in action, specifically the items addressed to the Courts. Bare in mind they all were sent together. Six legal envelopes entered prison postal custody at the exact same time.

50. Throughout Helferty's filings he has attached several exhibits. The initial filing contained A~1, B~2 & B~3 with his oppositional statements to the defenses motion for summary judgment and brief in support exhibits H~1 through H~7. Even more recent, Helferty's second *PETITION FOR PRELIMINARY INJUNCTION*, exhibits PJ~1 through PJ~8. This filing will contain the "R" exhibits that may total 8 or more. All these exhibits point to a factual basis of continuous and ongoing constitutionally offensive and violetive action against not only Helferty but all inmates who have suffered equal depravations.

51. In your review of this *MEMORANDUM* & *REPLY* some of the claims are supported in Helferty's statements *supra*, but for the forward progress I will cite precedent case law as they relate to the violations. Bare in mind the initiating cause of action was the 77 day tablet depravation. From there this case manifested into retaliation and harassment.

(A) DENIED INCOMING MAIL

Prochnier V. Martinez 416 U.S. 396 (1974) the Courts agreed that communication by letter implicates the First Amendment right to free speech Id at 408 The Courts held that prisons may NOT censor inmate mail unless such action "furthers an important or substantial governmental interest unrelated to the suppression of expression." Id at 413

52. Assuming that the illusive "Confiscation" of tablet policy did exist, what of Helferty's actions were related to a security interest of the prison? Not only does their depravation violate Helferty's first amendment, but it further violates the free citizens right to free speech. Turner V. Safley 482 U.S. 78, 88 (1987)
In Turner, the court held "When a prison regulation impinges on inmates' constitutional rights, the regulations are valid if it is reasonably related to a legitimate penealogical interest."

(B) ACCESS TO LAW LIBRARY
Bounds V. Smith 430 U.S. 817, 821 (1477)
In Bounds, the Courts determined and established the framework for State and Local prisons regarding what must be offered to inmates. These limited to Federal Habeas Corpus, Post-Conviction petitions and most importantly Civil Rights complaints regarding prison conditions.

53. In your review of Helferty's instant memorandum and reply at ¶ 21, 22 & 23 Helferty further elaborates his resultant injury as a result of the confiscation and denied access to law library. Aside from Helferty's averment, his exhibit R~3 clearly indicates the time frame and shortcomings of his criminal appeal. Taking into consideration of the temporal proximity of the tablet

confiscation as it relates to his appeal, his filings of which the Appellee allege are untimely filed, is a direct result of the confiscation. See: Jackson V. Wiley 352 F. Supp. 2d 666 (2004) ID at *600 the injury requirement is not satisfied by just any type of frustrated legal claim; The prisoner must demonstrate that his non-frivolous post-conviction or civil rights has been FRUSTRATED OR IMPEDED. That opinion from Judge Jerome P. Freidman.

54. Helferty contends that his evidence will show his criminal appeal was frustrated and impeded by this depravation of his electronic tablet, the only access to legal research material at Chester County Prison. In addition, later actions by the defendants will show more frustration and impeding of Helferty's legal claims. See also: Jones V. Donalakes 161 Fed. Appx. 716, 717 (3d Cir. 2006) In Jones, the court established an access to courts violation because Jones was able to show injury to his valid, although minimal. Helferty contends that unlike Jones, his injury is established as well as a showing of frustration and impeding.

55. Several Supreme Court decisions have stressed the necessity of supplying prisoners with sufficient materials for legal research. In Johnson V. Avery 393 U.S. 483, 89 S.Ct.

the Supreme Court approved the invalidation of a regulation that had established, as a standard for prison libraries, a highly restrictive list of law books. Chester County Prison has NO law books accessible to inmates. When the defendants approved tablet usage, all law reference access was, and remains accomplished by use of their tablet. Access to hard back law books are non-existent.

56. If an inmate tablet is confiscated, inmates need to send a request slip to Chester County Prison Counselor Michael S. Iswalt requesting law library access. Counselor Iswalt generates a list as seen in Helferty's exhibit H~4, identified by defendants as CCP391 through CCP406, which is sent to the respective block officer. Typically, between 6:30pm and 7:30pm every Monday, Wednesday and Friday inmates are permitted access to their tablet, at which time they would access the law library. During the time of Helferty's tablet confiscation, he was denied ALL access to law library. As you can see the exhibit H~4 Helferty was placed on the list, and he was still denied law library.

57. The defendants filing of ECF 43 "... RESPONSE IN OPPOSITION TO... PRELIMINARY INJUNCTION" section II, and their explanation including, exhibits (A), (B), (C), and (D) alleging Helferty's disciplinary citations are illusory inter alia. Aside from the FACT that many of those citations are in violation of due process and retalitory, they have absolutely ZERO bearing

on whether Helferty's law library access should have
been denied or otherwise. Despite whether his tablet
was confiscated, he retained the right to access law
library through the only resource Chester County Prison
has to offer; use of his tablet.

58. The cause of action was the 77 days of tablet
depravation and confiscation. The resulting injury is
Helferty's denial of liberty post parole hearing, and
the impropriety of Helferty's appeal. Helferty's
complaint does state a cause of action which is
clearly articulated in his amended complaint.

(C) RETALIATION & CAMPAIGN OF HARASSMENT
Stepping away from the issues related to the
confiscation and depravation, Helferty's *Amended Complaint*
describes several acts of retaliation and harassment
beginning at ¶ 19.

59. Your honor had dismissed Helferty's first complaint
with leave to amend. The maximum date to refile would
have been July 25th, 2024. Helferty endorsed his
complaint on July 21st, 2024 and he signed for overweight
postage July 23rd, 2024. Defendant Mastnjak approved
a citation reported by defendants Edward Nolan and
Scott Pezick dated 7/25/2024. Subsequent to the
allegations and lack of evidence, Helferty was found

to be not guilty. In Helferty's initial complaint, defendants Nolan and Pezick were not initially named. After Nolan and Pezick's involvement, and actions taken regarding Helferty's confinement, they were each named in seperate unrelated civil cases. After their documented involvement regarding Helferty's misconduct named here, Nolan and Pezick were named as defendants under joinder pursuant to F.R. Civ. P. 20 $^{(a)}$(2)(B).

60. After an institutional boards hearing determined Helferty NOT GUILTY, a second citation was issued on 08/07/2024 making the same allegations in the above named citation from 07/25/2024. There was one minor difference listed in the second citation which falsely alleges another parties admission to guilt. Helferty was found to be NOT GUILTY in the 08/07/2024 citation. See exhibit H~5.

61. It is Helferty's contention that Detective Scott E. Pezick of the West Whiteland Township Police Department made the 07/25/2024 & 08/07/2024 citations allegations in a retalitory manner after being named as a defendant in a seperate unrelated matter on 07/10/2024 in a case in the Commonwealth Court of Pennsylvania (case No. 350-MD-2024).

62. Helferty was confined for a parole violation and does not reside in the Chester County jurisdiction. Defendant

Pezick had no involvement with Helferty, nor was he investigating anything related to Helferty. With his ego leading, he thrusted himself into Helferty's confinement with one intent; malicious retaliation.

63. Based upon documented evidence, it appears defendant Nolan has and continues to manipulate the circumstances of Helferty's confinement. After being named as a defendant in the matter of HELFERTY V. CHESTER COUNTY PRISON et al. case no. 2024-4781-TT; defenses exhibit A in their "... RESPONSE IN OPPOSITION TO... SECOND AMENDED COMPLAINT" ECF 42; defendant Nolan's involvement with Helferty has become significantly heightened, especially his retaliation. Refer to false report of misconduct in exhibit PJ~4.

64. While Helferty was confined to the hole pending a disposition on the citations from 07/25/2024 & 08/07/2024, defendant Nolan conspired with defendant Mastnjak and defendant Mastnjak authored, supervised and approved a citation containing false allegations of misconduct as seen in PJ~4. Despite defendant Mastnjak omitting Nolan's name from the citation, the e-mail bates stamped by defendants as CCP 002 in Helferty's exhibit PJ~4 clearly contains false allegations of misconduct, after reviewing the call in relation to the citation, or Helferty's hand written call transcript also contained in PJ~4. This is clear cut retaliation and a cause of action.

65. In addition to the facts alleged supra, Helferty contends there is an unequal application of prison policy. In the precise scenario mentioned in PJ~4, and supra in ¶ 63 & 64, Helferty contends that after proper discovery, he will show that prison policy is not applied equally to him than it is to other inmates. At this present time, the defendants are refusing to cooperate with discovery. Their uncooperative posture is because they now realize Helferty will undoubtedly uncover more causes of action, specifically retaliation.

66. The conduct which Helferty describes supra is without a doubt retalitory. The element that makes it retalitory is it's temporal proximity of their conduct in relation to Helferty's refiling his amended complaint on July 22nd, 2024. The fact that his filing is a protected conduct, and the proximal relation to his refiling is retalitory. See Trobaugh V. Hall 176 F.3d 1087 (8th Cir 1999) where prison officials were held liable for retalitory conduct for confining a prisoner to an isolation cell for filing grievances.

67. The relevance of the citations to the filing deadline is clear cut indication of retaliation. The evidence contained in exhibit PJ~4 is clear cut indication of retaliation. Nolan and Mastnjak co-conspired by falsely alleging Helferty did commit misconduct by specifically wording and quoting terms

that Helferty never said in combination, admitted to in
any such capacity, or even so much as committed the
misconduct as alleged. As part of the conspiracy, and
in denying Helferty of his due process rights, he was
found guilty. See Farnsworth v. Gunderson 179 F. 3d 771 LEXIS 11535

68. During the institutional misconduct hearing Helferty was
denied review of the only piece of evidence used to
find guilt. Helferty filed an appeal regarding this misconduct
as seen in the exhibit PJ~4. From the initial filing to
the denied appeal this matter was observed and reviewed by
one lieutenant, two captains, the major, deputy warden and
warden. As far as I am concerned they are all responsible
for the ongoing conspiracy that was initiated by Nolan
and Mastnjak. The citation quotes "Legal mail" Helferty
never uses those two words in combination. The citation was
all a lie. The citation was authored by Nolan & Mastnjak
in retaliation for being named as defendents in Helferty's
civil actions in this Court and the Common pleas Court.

69. To articulate my message clearly I will create an addendum
to the complaint titled "CAUSES OF ACTION" and list each
action and it's respective paragraph number so it is clear
for anyone to understand my claim.

70. With respect to the defenses exhibit (A) in ECF 42
any reference to any other civil action such as action number
2024-4781-TT, I will object to any and all introduction of

of any reference to that case. Case 24-4781-TT has a seperate claim for wiretap violations INTER alia. Any reference to that case bears no similarity to this case nor does any information or evidence in that case have any bearing what so ever in any decision in this case.

71. There are first, eighth and fourteenth amendment claims made in that case, however the initiation of this case was due to tablet confiscation which had a domino effect leading to campaign of retaliation and harassment beginning April 2024. Their mention and reference to 24-4781-TT is from issues which occurred in 2023 that began with a wiretap violation. The Constitutional issues in that case have nothing to do with tablet confiscation, and they make such reference to 24-4781-TT in an attempt to prejudice your honor's decision here.

72. Here we discuss suppression of Helferty's first amendment related to confiscation of his electronic tablet and fourteenth amendment issues related to denied access to legal resources regarding again, tablet confiscation. The defense now openly admits to a seperate first amendment suppression by denying Helferty's electronic messages. SEE PRAKUNIER V. MARTINEZ 416 U.S. 396 (1974) ID at 413 - "The Supreme Court ruled that prison officials may not CENSOR prisoner mail simply to eliminate UNFlattering or UNWElcome opinions ..."

73. Moving back to the retaliation, the defense contends that their action of tablet confiscation is related to a valid peneological interest however Helferty is confident that once fact discovery is complete, retaliation and harassment beginning with Nolan who then recruited Mastnjak was being provoked by Pezick as shown by evidence in Helferty V. Pezick et al 350-MD-2024. Their retaliation is the misconduct citations in defences exhibits (A), (B), (C), & (D) in ECF 43 "... OPPOSITION TO ... PRELIMINARY INJUNCTION."

74. The relevant question is not whether Helferty was in violation of prison policy, rather did the misconduct citations alleging prison policy violation take place against Helferty for his excercise of a protected constitutional right. See Rauser V. Horn 241 F.3d 330 (3d cir. 2001) this case dealing with denied privileges as retaliation, however the foundational question remains the same. See also Allah V. Seaverling 229 F.3d 220 224-225 (3d cir 2000) it is not whether the action was standalone Constitutionally protected, but it being a constitutional tort if motivated in substantial part by a desire to punish an individual for exercise of his Constitutional right.

75. In Rauser mentioned Supra, the threshhold of retaliation is determined by: (1) conduct was constitutionally protected; (2) adverse action against his conduct; (3) casual connection between conduct and adverse action; (4) the conduct is proven to be constitutionally protected and adverse action is related then the

burden shifts to the defense to prove otherwise. The third circuit has already established in _Rauser_ mentioned _Shpra_ that filing of grievances and civil law suits contesting prison conditions is a constitutionally protected activity. See Rendy V. Alean County Jail 341 Fed Appx 799 (2009) Lexis 16259 for a similar opinion.

76. Pure and simply stated, the misconduct citations from November 2023 to present day are violative of Helferty's first amendment. Their contention of a "valid peneological interest" of this illusive "No Contact condition" as stated in ECU 42 at 7 is non-enforceable, and appears no where in a court order instructing this institution to enforce. It is purely word of mouth. Moving forward, the citations from July 2024 to present were authored with malice by instruction from defendant Nolan (who is _not a prison employee_) as retaliation against Helferty for conducting constitutionally protected activities. See _Commonwealth V. Olivia-Vazquez_ 2021 Pa. Super. Unpub Lexis 43   &   42 Pa. Cs. § 9721
―――THIS CONCLUDES ARGUMENT IN RETORT TO ECF 42―――

## V. RETORT TO ECF 43 & 46

77. The defense generates ECF 43 and ECF 46 as "... OPPOSITION TO PLAINTFF'S PETITION FOR PRELIMINARY INJUNCTION ..." and incorporates both of Helferty's Preliminary Injunction filings from November 4th, 2024 & **April** 15th, 2025. Their contention is Helferty "... makes virtually the sa[m]e allegations and requests ..."

78. First, I would like to point out and refer back to exhibit R~7 which contains Helferty's service record showing that his first petition for Preliminary Injunction Without Prior Written Notice or Hearing was in fact served into prison postal custody as of November 4th, 2024. Exhibit R~5 corroborates such identified at page 8 receipt # 368430.

79. In review of both of Helferty's Petitions, the first petition identified as ECF 35 is limited up until November of 2024. The second petition, ECF 45 contains every event relative to this case beginning with the original May 17th 2024 filing right up until the April 4th, 2025 service of subpoena duces tecum interference. Needless to say, the petition does show they make additional arguments in ECF 45, and their "... OPPOSITION TO PLAINTIFF'S PETITION..." ECF 45 is incorrect for stating there are no differences.

80. With respect to the defenses argument in opposition on page 2 in ECF 43, and their exhibits (A), (B), (C), (D), I do not deny the occurrence however Helferty does contend that each of those misconduct citations were authored and filed with animus and in retaliation. For that reason alone, review of Helferty's second "Petition for ... Injunction" ECF 45 is necessary, as well as this courts intervention. Helferty contends his arguments in the second petition are active and he still remains in danger physically, psychologically and his civil action is in jeopardy of failing due to the documented interference.

81. With respect to the defenses recitation of the physical altercation with another inmate on July 28th, 2024, it is "down played" and falsely states the incident was an argument when in fact Helferty was assaulted by the other inmate by being kicked by the other inmates right foot/leg. The defense has been reluctant to produce any evidence requested by Helferty in ECF 21:1A. Helferty was threatened by inmate Sandino to be stabbed.

82. The issue is not whether or not Helferty was assaulted. Seven (7) witness will testify that he was assaulted. Moreover, the prison had recently installed all NEW cameras throughout the prison. If and doubt exists, the defense can simply produce the video footage from 7/28/24 at 16:30 - 17:00 as requested in ECF 21:1A. The issue is Helferty reported the incident in writing and it was not investigated until thirty (30) days later after Helferty discussed the assault over the collect call system; Another indicator Helferty's calls are targeted.

83. With respect to Helferty's allegation of being targeted by prison staff, I direct you to review exhibit PJ~4 where Nolan and Mostnjak conspire to target, harass, retaliate, punish with cruelty and animus and lie to superiors about Helferty's alleged conduct. It is not the false claim at issue, rather the denied due process at the institutional hearing, which Heferty was denied; and the fabrication of mendacious tales and quotes of terms never stated by Helferty.

84. Helferty's exhibit H~3, H~6, H~7 and PJ~1, PJ~4 et al. shows significant troubles that are active within the Chester County Prison, of which are alleged as a cause of action in Helferty's filings. Although the defense displays confusion, I will enclose a seperate document titled "CAUSE OF ACTION" to be attached to the 12/23/2024 amended civil Action.

85. Helferty's filings were not made in bad faith, and he did in fact comply with Your Honor's order. Helferty is not attempting to "delay" or "game" the litigation process. He is a pro se litigant and simultaneous to filing, he is also learning the propriety of civil litigation.

86. The policies of this prison are not being applied equally or fairly to Helferty as other inmates, and Helferty is trying to articulate such for the court. The defense refuses to cooperate with the discovery process in THEIR ATTEMPT TO DELAY the litigation process. Helferty's evidence up to this point is indicative that an injunction and temporary restraining order are necessary. Helferty's exhibit R~2 is evidence that the defense is suppressing, tampering and potentially destroying evidence. An Injunction on that issue is necessary. Exhibit H~7 coupled with PJ~7 are indicative of that evidence suppression and tampering. Helferty explicity requested the document in R~2, they failed to produce.

87. Evidently the defense has not read the second preliminary injunction and may misunderstand the relief Helferty is requesting. The evidence Helferty submits as exhibits indicates that harassment and retaliation as well as interference with incoming and outgoing mail and evidence tampering is active. Helferty seeks the proper protection from the harassment and discovery interference.

88. With respect to discovery, the defense has minimally cooperated. In two and one-half (2½) months the defense had produced ten (10) of the eighteen items requested on the first request. Upon the second request the defense has failed to comply for three reasons that are not legitimate. They claim untimeliness, items are irrelevant and immaterial, and overly broad and unnecessary. The defense is refusing to cooperate because Helferty uncovered a serious retaliation and harassment event from the first ten (10) items they disclosed.

89. Helferty's second request dated 4/18/25 was specific. In a letter prior to the request, Helferty elaborated to the defense what will be discovered by particular evidence, so the defense, in their attempt to "DELAY and GAME" the litigation process is refusing to cooperate with discovery. Any further discovery will certainly implicate the defendants guilt. For instance, facility memo's & notices contains a letter from Helferty's neice who in her first sentence of her letter states Helferty's mail is being returned as "REFUSED."

90. I direct your attention to exhibit R~8 where mail room officer Foggie denies printing the incriminating letter despite printing other mail in the recent history. This exhibit stand alone shows the defense's intention to hamper the discovery process. Although I have the letter on my tablet, I still have a right to the printed version, under the 14th amendment.

91. Understandably, the first amendment protects speech and not a piece of paper, the purpose of printing the letter is to attempt to resolve a discovery issue without requesting sanction from the court. See Cecil V. Keller 2025 U.S. Dist. Lexis 56313

92. The issue now remains the retaliation and harassment which the evidence proves began after Helferty filed three (3) civil actions, a constitutionally protected activity. See Nunez V. Blough 283 A.3d 417 (Pa. Cmwlth 2022)

93. Even if Helferty can not prevail on the initial charges described within the first and fourteenth amendments, the issue now is the retaliation. To conclude, Helferty asks this court render a decision on his injunction, and further deny the defense motion for judgment.

DATE: 05/20/2025          /s/ _____
                              Anthony Helferty

94. I, Anthony M. Helferty verify that I have authored, read, and filed this document titled " PLAINTIFF'S MEMORANDUM AND REPLY TO ALL OF DEFENDANT'S OPPOSITIONAL STATEMENTS ECF's 42, 43 & 46 " including the attached exhibits R~1 through R~8. I swear and affirm pursuant to 28 USC §1746 that the information contained herein is true and correct to the best of my knowledge information and belief.

DATE 05/21/2025                    /S/ _____

                                   Anthony M. Helferty
                                   501 S. Wawaset road
                                   West Chester, Pa. 19382

IN THE UNITED STATES COURT OF THE
EASTERN DISTRICT OF PENNSYLVANIA

Anthony M. Helferty

: CIVIL ACTION - LAW
:
- VS -                            :
:
Howard Holland, Warden;           : DKT NO. 24-CV-02269
George Roberts, Deputy Warden;
Robert Mustnjak, Lieutenant officer;
Scott Peztaks, Police officer; Edward P. Nolan, Custodian
of records;

## CERTIFICATE OF SERVICE

I, Anthony M. Helferty, declare that the foregoing
document Plaintiff's Memorandum and reply... & Exhibits R~1 - R~8
has been served by United States Postal Service
mail upon the below listed. ☐ certified  ☐ return reciept
First class postage not prepaid

Pursuant to the "PRISONER MAIL BOX RULE," Pa. R.A.P. 121 (f);
F.R.A.P. 4 (c), F.R.Civ.P. 4 (1) this document is considered
served once entered into Prison Mail custody. It has been
entered on:

DATE: 05/21/2025 TIME: 13 :00 Am/Pm LOCATION: F-block  OFFICER: Darkor

Pursuant to 28 U.S.C.S. § 1746 & 18 Pa. C.S.A. § 4904, I declare
under penalty of perjury under the laws of the United States
of America, the foregoing is true and correct.

NAME: U.S. District Court Proth    NAME: Scott Pezick
ADDRESS: 601 Market st            ADDRESS: 101 Commerce dr.
          Room 2609                        Exton, Pa. 19341
Philadelphia, Pa 19106


NAME: Lamb McErlane P.C.          NAME: _____
ADDRESS: 24 E Market st.          ADDRESS: _____
West Chester, Pa. 19381
behalf of Ches. Co. defendants


NAME: Stevens & Lee               NAME: _____
ADDRESS: 555 City ave ste 1170    ADDRESS: _____
Bala Cynwyd, Pa. 19004


behalf of G.T.L defendants


DATE: 05/21/2025                  /s/ _____
                                  ANTHONY M. HELFERTY #73466
                                  501 S. Wawaset road  L-36
                                  West Chester, Pa. 19382

# EXHIBIT R ~ 1

3 pages

Description: Page 1 is an affidavit from the Illustrator Anthony Helferty showing that his tablet applications that constitute a privilege were suspended beginning April 23rd 2025

Page 2 & 3 are three (3) different views of the tablet screen showing the privileged apps "Phone dialer" "Promotional" "Standard" & "Promotional VP Now Streaming" have been suspended from use.

Supporting evidence for #60 of Prelim OBJ

# Exhibit R~1

## COLLECTION OF EVIDENCE April 23rd, 2025

The document attached hereto is an illustration drawn by plaintiff Anthony M. Helferty on the above date for the purpose to preserve evidence. I swear and affirm under penalty of the laws of this United States of America pursuant to 28 USC § 1746 & 18 Pa. C.S. § 4904 and any other law promulgated for the purpose of swearing to truth and fact, that the illustration depicts the screen of Anthony M. Helferty's inmate tablet on April 23rd, 2024 after being suspended from use of his tablet secondary to a misconduct citation (#25-421-745). Despite his priviledges to utilize his tablet having been suspended, Helferty still remains in possession of his personally assigned tablet. In review of this illustration captioned in RED you can see his ability to access the "Phone dialer", "Promotional," "Standard" & "Promotional VP Now Streaming" TABs have been suspended from Helferty gaining access. Furthermore, Helferty remains the ability to access "FREE", "VIDEO VISIT" "EDUCATION" & "LAW LIBRARY" TABs without any restriction. This feature stating "Suspended" was not in place on April 22nd, 2025 nor was it in place May 8th, 2025 When his restriction

X _Anthony M. Helferty_

X _Ronnell Elder_
WITNESS
Ronnell Elder

Case 2:24-cv-02269-MSG    Document

4/23/2025



Cancel    $5.39    movie photo

Pay Per minute    Access Pass    Free

🔒 Suspended    Promotional    Details

🔒 Suspended    Standard    Details

🔒 Suspended    Promotional VP Now Streaming    Details

VIEW #1

Cancel ★ $5.39 (inmate Photo)

| Pay Per minute | Access Pass | FREE |

Access pass not available.

— Hide all Available Passes for Purchase —

# VIEW #2








VIEW #3

(rotated 180°:)

Education — Details — Free

Law Library — Details — Free

Video Visit — Details — Free

Phone Dialer — Free — Suspended

Free — Details — Free

Cancel $5.39 ★ (inmate Photo)

# EXHIBIT R~2

1 page

Description: One page signed by each inmate upon being assigned a personal tablet for use. This is a copy of Helferty's contract & rules for his tablet assigned to him on June 28th, 2024.



# Chester County Prison

**Inmate Name (print):** Helferty, Anthony

**Tablet MAC Number:** 9E7C

**Tablet Charger Issued:** (Y) or N

**Inmate ID#:** 73466

**Earbuds Issued:** (Y) or N

I understand that by logging into a tablet, my use of the tablet, including video visitation and telephone, is subject to monitoring and recording, as well as being divulged to law enforcement.

I understand I will be held financially responsible for intentional or negligent damage to the tablet.

I understand tablet access is a privilege, not a right, and this privilege can be suspended as a sanction for failing to follow institutional rules.

I understand I will only use the tablet specifically assigned to me using only my own account information and will not use any other tablet or anyone else's account information.

I understand I will not allow another inmate to use the tablet specifically assigned to me or to use my account information.

I understand the first set of earphones and tablet charger are complimentary. Replacements may be purchased no more than once every three months. Damaged sets must be given to staff when receiving a new set. Lost or stolen earphones must be reported immediately and will be investigated before being allowed to order a new pair.

Entiendo que al iniciar sesión en una tableta, mi uso de la tableta, incluidas las visitas por video y el teléfono, está sujeto a monitoreo y grabación, además de ser divulgado a las fuerzas del orden.

Entiendo que seré responsable financieramente por daños intencionales o negligentes a la tableta.

Entiendo que el acceso a la tableta es un privilegio, no un derecho, y este privilegio puede suspenderse como sanción por no seguir las reglas institucionales.

Entiendo que solo usaré la tableta que se me asignó específicamente usando solo la información de mi propia cuenta y no usaré ninguna otra tableta ni la información de la cuenta de otra persona.

Entiendo que no permitiré que otro recluso use la tableta específicamente asignada a mí o que use la información de mi cuenta.

• Entiendo que el primer juego de auriculares y el cargador de la tableta son gratuitos. Los reemplazos no se pueden comprar más de una vez cada tres meses. Los juegos dañados deben entregarse al personal cuando reciban un juego nuevo. Los auriculares perdidos o robados deben ser reportados de inmediato y serán investigados antes de que se les permita pedir un nuevo par.

**Inmate Signature**

**Date** 06/27/24

# EXHIBIT R~3

3 pages

Description: The first page is the cover page from the district attorney in Commonwealth V. Helferty. The next 2 pages are the district attorney's summary of argument explaining Helferty's untimely filing due to Helferty's denial to legal reference materials.

*Received from*
*Williams 3/6/25*
*@ 10:53*

# IN THE SUPERIOR COURT OF PENNSYLVANIA
## EASTERN DISTRICT

## NO. 1730 EDA 2024

## COMMONWEALTH OF PENNSYLVANIA,
Appellee

### vs.

## ANTHONY M. HELFERTY,
Appellant

## BRIEF FOR APPELLEE

Appeal from the April 25, 2024, order denying parole
of the Honorable Thomas P. McCabe of the Court of Common Pleas
of Chester County, Pennsylvania at No. CP-15-CR-0000572-2019.

Gerald P. Morano, Esquire
Attorney I.D. No. 82269
Chief Deputy District Attorney

Chrisopher De Barrena-Sarobe, Esquire
Attorney I.D. No. 307754
District Attorney

District Attorney's Office
Chester County Justice Center
201 West Market Street, P.O. Box 2746
West Chester, PA 19380-0989
(610) 344-6801

Attorneys for Appellee

## SUMMARY OF ARGUMENT

Defendant appeals the denial of his April 25, 2024, request for parole. On May 6, 2024, Defendant filed a motion for reconsideration. On May 24, 2024, the trial court denied Defendant's motion for reconsideration. On June 7, 2024, Defendant filed another petition for parole challenging the trial court's denial of his parole from April 25, 2024. On June 11, 2024, the trial court denied that petition. In the trial court's June 11, 2024, it noted that "A hearing on this Petition was held on April 24, 2024. Thereafter, Defendant filed a Motion for Reconsideration of the April 24, 2024, Order. On May 24, 2024, this Court denied Defendant's Motion for Reconsideration, advising Defendant that the Order denying the Motion for Reconsideration was a final Order." See June 11, 2024, Order by the Honorable Thomas P. McCabe.

On June 27, 2024, Defendant filed an untimely *pro se* notice of appeal to this Court. Defendant's notice of appeal was filed 63 days after the order he is appealing. Thus, Defendant's appeal is untimely. Further, Defendant's notice of appeal incorrectly alleges he is appealing the denial of his motion for reconsideration, that is incorrect. In fact, Defendant is appealing the denial of his parole which was a final order on April 25, 2024. Thus, Defendant had until May 27, 2024, to timely file his

notice of appeal.[1]   Because Defendant filed his notice of appeal beyond the 30-day time limit of the denial of that final order, Defendant's appeal is untimely and should be quashed.

---

[1] The thirtieth day following the entry of the trial court's April 25, 2024, Order was Saturday, May 25, 2024. Therefore, Defendant had until Monday, May 27, 2024, to file his appeal.  See 1 Pa. C.S.A. § 1908 (excluding weekend days and legal holidays from the computation of the time period for a filing when the last day of the time period falls on a weekend or legal holiday); see also Commonwealth v. Coad, 253 A.3d 259 (Pa. Super. 2021).

# EXHIBIT R ~ 4

3 pages

Description: Page one (1) is a request slip from
Plaintiff Helferty to the mail room
dated 2/27/2025. (Can also be found
as Exhibit H ~ 3 in Helfertys
Affidavit in oposition to defendants
motion for summary Judgment ...
Page two (2) and three (3) are from
textbehind prison mail screening and
a letter from Helferty's neice indicating
her mail was "REFUSED"

# CHESTER COUNTY
## PRISON
## INMATE
## REQUEST

**INSTRUCTIONS: Complete items 1-6. Careful Preparation of your request will enable a prompt disposition.**

**1. To:** (Name of Staff Member) Mailroom

**2. Date:** 2/27/25

**3. By:** Helferty, Anthony

**4. Co #** 1345B

**5. Cell #** F-35

**ID-227-11**

**6. Subject: State briefly, but completely the reason for this request.**

Hey I had 4 post cards which was confirmed delivered on 2/15 to the "textbehind" processing center. I was told by a "text behind" agent to speak to the institutions Admin office... Do you have any information regarding these postcards having been cleared?

**Remarks, Comments & Recommendations from Block Officer**

**Officers Signature** CO2 Riale #1050

**Date:** 02-27-2025

**Disposition:** No you have to write to Ed nolan about this

**Staff Member:** CO. Foggie #507

**Date:** 3-3-25

# EXHIBIT R~5

10 pages front and back

Description: R~5 is the inmate account statement for plaintiff Anthony Helferty which shows each financial transaction beginning September 2023 ending April 2025. The highlighted entries are the postage charges for Helferty's legal mailing...

**OMS  Offender Management System**

## Accounting Transactions And Balances

Today's Date: 5/14/2025 10:07

| Inmate Name: HELFERTY, ANTHONY | | | | Current Balance: $0.02 | | Booking #: 23-0002673 | | Permanent # 0073466 | |

| Receipt # | Transaction Date/Time | Rec. Type Transaction | Check # / Transaction # | Withdrawals | Deposits | Cost Recovery Collected | To Cost Recovery | Balance |
|---|---|---|---|---|---|---|---|---|
| **Main Inmate Fund** | | | | | | | | |
| 243165 | 09/14/23 18:20 | Restore From History / Restored from History from Booking # 23-0000980 | | | $24.72 | | | $24.72 |
| 243167 | 09/14/23 18:20 | Restore From History Cost Recovery / Restored from History from Booking # 23-0000980 | | $3.00 | | | $3.00 Restore From History Cost Recovery | $0.00 |
| 243169 | 09/14/23 18:20 | Restore From History Cost Recovery / Restored from History from Booking # 23-0000980 | | $23.00 | | | $23.00 Restore From History Cost Recovery | $0.00 |
| 243287 | 09/15/23 09:57 | Inmate Processing / CHECK # 10257 / COUNTY OF MONROE | 1255110 | | $19.00 | $1.90 CR - Current Booking Fee | | $41.82 |
| 243315 | 09/18/23 09:45 | CR - Current Booking Fee | 1255767 | $45.00 | | $41.82 CR - Current Booking Fee | $3.18 CR - Current Booking Fee | $0.00 |
| 244489 | 09/20/23 20:51 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1256826 | | $20.00 | $2.00 CR - Current Booking Fee | | $18.00 |
| 245062 | 09/21/23 15:38 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1257835 | | $20.00 | $2.00 CR - Current Booking Fee | | $36.00 |
| 245064 | 09/21/23 15:39 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1257838 | | $20.00 | $2.00 CR - Current Booking Fee | | $54.00 |
| 245314 | 09/22/23 22:43 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1258186 | | $100.00 | $10.00 CR - Current Booking Fee | | $144.00 |
| 245331 | 09/23/23 10:27 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1258208 | | $200.00 | $8.28 CR - Current Booking Fee / $3.00 CR - Medical | | $332.72 |
| 246667 | 09/28/23 08:30 | Commissary Purchase / Accounting API Transaction | 1259900 | $108.03 | | | | $224.69 |
| 247125 | 09/29/23 08:58 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1260715 | | $50.00 | | | $274.69 |
| 247524 | 10/01/23 20:24 | Inmate Banker - Cash Deposits / Inmate Banker Credit | 1261310 | | $45.00 | | | $319.69 |
| 247620 | 10/02/23 10:28 | Commissary Refund / Accounting API Transaction | 1261434 | | $8.15 | | | $327.84 |

Accounting Transactions And Balances

**Inmate Name:** HELFERTY, ANTHONY          **Current Balance:** $0.02          **Booking #** 23-0002673          **Permanent #** 0073466

| Receipt # | Transaction Date/Time | Rec. | Transaction Type | Check # / Transaction # | Withdrawals | Deposits | Cost Recovery Collected | To Cost Recovery | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 265689 | 12/10/23 15:45 | | EXTRA POSTAGE 10/01/2023<br>Inmate Banker - Cash Deposits | 1281482 | | $200.00 | | | $209.93 |
| 266718 | 12/14/23 08:47 | | Commissary Purchase<br>Accounting API Transaction | 1282505 | $57.20 | | | | $152.73 |
| 267219 | 12/15/23 12:58 | | Group Check Withdrawal<br>EXTRA POSTAGE   12/15/2023 | 1283017 | $1.25 | | | | $151.48 |
| 267611 | 12/18/23 08:44 | | Tablet Fund Purchases | 1283381 | $5.00 | | | | $146.48 |
| 268350 | 12/20/23 11:56 | | Commissary Purchase<br>Accounting API Transaction | 1284115 | $47.19 | | | | $99.29 |
| 268682 | 12/20/23 19:30 | | Inmate Banker - Cash Deposits<br>Inmate Banker Credit | 1284441 | | $200.00 | | | $299.29 |
| 268954 | 12/22/23 10:43 | | Group Check Withdrawal<br>EXTRA POSTAGE   12/22/2023 | 1284720 | $2.55 | | | | $296.74 |
| 269079 | 12/22/23 19:25 | | Inmate Banker - Cash Deposits<br>Inmate Banker Credit | 1284808 | | $200.00 | | | $496.74 |
| 269811 | 12/26/23 19:47 | | Tablet Fund Purchases | 1285546 | $10.00 | | | | $486.74 |
| 270439 | 12/28/23 12:39 | | Commissary Purchase<br>Accounting API Transaction | 1286185 | $352.47 | | | | $134.27 |
| 271675 | 01/02/24 19:59 | | Tablet Fund Purchases | 1287394 | $5.00 | | | | $129.27 |
| 272036 | 01/04/24 08:13 | | Commissary Purchase<br>Accounting API Transaction | 1287784 | $88.99 | | | | $40.28 |
| 272706 | 01/05/24 14:27 | | Group Check Withdrawal<br>EXTRA POSTAGE   1/05/2024 | 1288441 | $7.75 | | | | $32.53 |
| 273871 | 01/10/24 13:41 | | Commissary Purchase<br>Accounting API Transaction | 1289624 | $26.70 | | | | $5.83 |
| 277512 | 01/23/24 10:02 | | Commissary Refund<br>Accounting API Transaction | 1292217 | | $26.70 | | | $32.53 |
| 278000 | 01/24/24 18:28 | | Tablet Fund Purchases | 1293695 | $5.00 | | | | $27.53 |
| 280168 | 01/31/24 20:09 | | Inmate Banker - Cash Deposits<br>Inmate Banker Credit | 1295828 | | $50.00 | | | $77.53 |
| 280412 | 02/01/24 10:02 | | Commissary Purchase<br>Accounting API Transaction | 1296067 | $77.50 | | | | $0.03 |
| 285197 | 02/15/24 18:33 | | Inmate Banker - Cash Deposits | 1300807 | | $100.00 | | | $100.03 |

**Accounting Transactions And Balances**

**Accounting Transactions And Balances**

Inmate Name: HELFERTY, ANTHONY | Current Balance: $0.02 | Booking # 23-0002673 | Permanent # 0073466

| Receipt # | Transaction Date/Time | Rec. | Transaction Type | Check # Transaction # | Withdrawals | Deposits | Cost Recovery Collected | To Cost Recovery | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 298474 | 03/29/24 13:29 | | Group Check Withdrawal EXTRA POSTAGE 03/29/2024 | 1313920 | $1.63 | | | | $24.02 |
| 299923 | 04/03/24 07:59 | | Commissary Refund Accounting API Transaction | 1315359 | | $0.70 | | | $24.72 |
| 300376 | 04/04/24 06:14 | | Commissary Purchase Accounting API Transaction | 1315824 | $24.70 | | | | $0.02 |
| 302409 | 04/09/24 18:36 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1317808 | | $50.00 | | | $50.02 |
| 303131 | 04/11/24 10:36 | | Commissary Purchase Accounting API Transaction | 1318555 | $49.42 | | | | $0.60 |
| 303302 | 04/11/24 11:11 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1318724 | | $20.00 | | | $20.60 |
| 303516 | 04/12/24 11:15 | | Group Check Withdrawal EXTRA POSTAGE 04/12/2024 | 1318918 | $2.83 | | | | $17.77 |
| 303557 | 04/12/24 14:07 | | Tablet Fund Purchases | 1318848 | $10.00 | | | | $7.77 |
| 305907 | 04/19/24 15:28 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1321336 | | $25.00 | | | $32.77 |
| 309742 | 05/02/24 08:56 | | Commissary Purchase Accounting API Transaction | 1325136 | $31.19 | | | | $1.58 |
| 310302 | 05/03/24 08:07 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1325695 | | $100.00 | | | $101.58 |
| 311698 | 05/08/24 10:01 | | Group Check Withdrawal EXTRA POSTAGE 5/08/2024 | 1327053 | $0.48 | | | | $101.10 |
| 311765 | 05/08/24 10:21 | | Commissary Refund Accounting API Transaction | 1327086 | | $3.40 | | | $104.50 |
| 312390 | 05/09/24 08:39 | | Commissary Purchase Accounting API Transaction | 1327702 | $53.39 | | | | $51.11 |
| 314100 | 05/15/24 09:43 | | Commissary Refund Accounting API Transaction | 1329386 | | $53.39 | | | $104.50 |
| 314648 | 05/16/24 08:18 | | Commissary Purchase Accounting API Transaction | 1329928 | $62.23 | | | | $42.27 |
| 315007 | 05/17/24 12:47 | | Group Check Withdrawal EXTRA POSTAGE 05/17/2024 | 1330305 | $42.27 | | | | $0.00 |
| 315873 | 05/22/24 08:37 | | Commissary Refund Accounting API Transaction | 1331143 | | $62.23 | | | $62.23 |

**Inmate Name: HELFERTY, ANTHONY**  | Current Balance: $0.02 | Booking # 23-0002673 | Permanent # 0073466

| Receipt # | Transaction Date/Time | Rec. | Transaction Type | Check # / Transaction # | Withdrawals | Deposits | Cost Recovery Collected | To Cost Recovery | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 339332 | 08/08/24 10:44 | | Commissary Purchase Accounting API Transaction | 1354387 | $30.65 | | | | $2.60 |
| 341847 | 08/15/24 21:31 | | Commissary Refund Accounting API Transaction | 1356858 | | $30.65 | | | $33.25 |
| 342730 | 08/19/24 15:04 | | Group Check Withdrawal EXTRA POSTAGE | 1357700 | $31.37 | | | | $1.88 |
| 343350 | 08/21/24 13:32 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1358255 | | $100.00 | | | $101.88 |
| 343862 | 08/22/24 13:08 | | Commissary Purchase Accounting API Transaction | 1358787 | $74.04 | | | | $27.84 |
| 346255 | 08/29/24 09:45 | Y | Inmate Check ANTHONY HELFERTY #73466 - 24-4781-TT | 69140 | $6.75 | | | | $21.09 |
| 346604 | 08/30/24 14:58 | | Group Check Withdrawal Extra Postage | 1361456 | $3.00 | | | | $18.09 |
| 347670 | 09/03/24 22:24 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1362510 | | $51.00 | | | $69.09 |
| 348431 | 09/05/24 11:24 | | Commissary Purchase Accounting API Transaction | 1363299 | $61.07 | | | | $8.02 |
| 349915 | 09/11/24 08:07 | | Commissary Refund Accounting API Transaction | 1364748 | | $4.40 | | | $12.42 |
| 350658 | 09/12/24 09:29 | | Commissary Purchase Accounting API Transaction | 1365507 | $12.25 | | | | $0.17 |
| 355714 | 09/28/24 18:50 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1370477 | | $50.00 | | | $50.17 |
| 356004 | 09/30/24 13:27 | | Group Check Withdrawal EXTRA POSTAGE | 1370764 | $3.65 | | | | $46.52 |
| 356077 | 09/30/24 18:09 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1370825 | | $70.00 | | | $116.52 |
| 356526 | 10/01/24 20:55 | | Tablet Fund Purchases | 1371276 | $5.00 | | | | $111.52 |
| 357156 | 10/03/24 09:27 | | Commissary Purchase Accounting API Transaction | 1371898 | $89.89 | | | | $21.63 |
| 357657 | 10/04/24 10:10 | | Group Check Withdrawal EXTRA POSTAGE | 1372396 | $11.48 | | | | $10.15 |
| 358029 | 10/06/24 15:21 | | Tablet Fund Purchases | 1372754 | $5.00 | | | | $5.15 |

**Accounting Transactions And Balances**

**Inmate Name: HELFERTY, ANTHONY** | **Current Balance:  $0.02** | **Booking # 23-0002673** | **Permanent # 0073466**

| Receipt # | Transaction Date/Time | Rec. | Transaction Type | Check # / Transaction # | Withdrawals | Deposits | Cost Recovery Collected | To Cost Recovery | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 376663 | 12/05/24 09:41 | | Group Check Withdrawal EXTRA POSTAGE | 1391217 | $16.96 | | | | $60.00 |
| 378195 | 12/11/24 13:49 | Y | Inmate Check ANTHONY HELFERTY #73466 - FILING FEE NO.24-CV-2269 | 69481 / 1392705 | $60.00 | | | | $0.00 |
| 386063 | 01/07/25 15:46 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1400470 | | $20.00 | | | $20.00 |
| 386746 | 01/09/25 08:17 | | Commissary Purchase Accounting API Transaction | 1401138 | $19.39 | | | | $0.61 |
| 395444 | 02/07/25 09:22 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1409892 | | $50.00 | | | $50.61 |
| 397051 | 02/13/25 08:57 | Y | Inmate Check ANTHONY HELFERTY #73466 - FILING FEE NO.24-CV-2269 | 69730 / 1411475 | $40.61 | | | | $10.00 |
| 397058 | 02/13/25 09:57 | | Group Check Withdrawal Extra Postage 2/13/25 | 1411483 | $9.68 | | | | $0.32 |
| 398306 | 02/19/25 11:44 | | Manual Payroll Kitchen wk 2/17/25 | 1412684 | | $10.00 | | | $10.32 |
| 398955 | 02/20/25 09:10 | | Group Check Withdrawal Extra Postage 2/20/2025 | 1413314 | $9.67 | | | | $0.65 |
| 399357 | 02/22/25 07:54 | | Inmate Banker - Cash Deposits Inmate Banker Credit | 1413700 | | $50.00 | | | $50.65 |
| 399892 | 02/25/25 09:27 | Y | Inmate Check ANTHONY HELFERTY #73466 - FILING FEE NO 24-CV-2269 | 69774 / 1414245 | $20.56 | | | | $30.09 |
| 399894 | 02/25/25 09:37 | | Group Check Withdrawal Extra Postage 2/25/25 | 1414247 | $28.05 | | | | $2.04 |
| 400754 | 02/27/25 07:55 | | Commissary Purchase Accounting API Transaction | 1415073 | $1.91 | | | | $0.13 |
| 402106 | 03/04/25 10:25 | | Manual Payroll Nt Housekeeping 3/3/2025 | 1416482 | | $50.00 | | | $50.13 |
| 402576 | 03/05/25 09:19 | | Group Check Withdrawal Extra Postage 3/5/2025 | 1416934 | $34.60 | | | | $15.53 |
| 404544 | 03/11/25 12:42 | | Manual Payroll Night Housekeeping 3/10/2025 | 1418965 | | $70.00 | | | $85.53 |
| 404928 | 03/12/25 11:08 | | Group Check Withdrawal extra postage 3/12/25 | 1419289 | $26.75 | | | | $58.78 |

**Accounting Transactions And Balances**

# EXHIBIT R~6

**27** pages

Description: Photocopies of receipts from Chester County Prison Inmate Counselor for overweight postage and for copies




# CHESTER COUNTY PRISON
*West Chester, Pennsylvania*

TO:    WARDEN Holland

DATE:    Friday, May 17, 2024

FROM: INMATE    Helferty, Anthony

COUNTY #    73466

Please Deduct    $ 120.00 − (42.27) $owes$ = 77.73    FROM MY ACCOUNT AND PAY

TO:    Chester County Prison

RELATIONSHIP:    Legal copies

PURPOSE:    For Legal copies civil

X _____
SIGNATURE OF INMATE

APPROVED:    Iswalt    _____

DISAPPROVED: _____

REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

SIGNATURE

# 315007




# CHESTER COUNTY PRISON
## *West Chester, Pennsylvania*

TO:    WARDEN PHILLIPS

DATE:    Monday, May 20, 2024

Name:    Anthony HELFERTY

County #:    0073466

Please Deduct    $ 17.16    FROM MY ACCOUNT AND PAY

TO:    Self

RELATIONSHIP:    Self

## Oversize / Overweight Mail

1 @ $ 10.35

3 @ # 1.47

5 @ $ 0.48

*Not on statement*

*All 28.99*

X _____

SIGNATURE OF INMATE

INMATE BALANCE = $ 0

APPROVED:    Counselor John C. Marchegiano # 385

DISAPPROVED:

_____

REASON:    Pro Se: All Legal Mail

RECEIVED THE ABOVE AMOUNT THIS DATE:

_____ # 385
SIGNATURE

少

  

# CHESTER COUNTY PRISON
### *West Chester, Pennsylvania*

TO:    WARDEN PHILLIPS                    DATE:    Tuesday, May 21, 2024

Name:    Anthony HELFERTY            County #:    0073466

Please Deduct    $ 11.83            FROM MY ACCOUNT AND PAY

TO:    Self                    RELATIONSHIP:    Self

## Oversize / Overweight Mail
### 1 @ $ 10.35
### 2 @ # 0.24
*$ 10.59*

*Not on statement*

X _____
SIGNATURE OF INMATE

| INMATE BALANCE = $ |
| --- |

APPROVED:    Counselor John C. Marchegiano # 385

DISAPPROVED:                    REASON:

RECEIVED THE ABOVE AMOUNT THIS DATE:    _____
                                        SIGNATURE

# Chester County Prison
# West Chester, Pennsylvania

To:     The Warden

From:   Inmate   <u>Helferty, Anthony</u>           Cell:   <u>K-28</u>    Date:        <u>5/31/2024</u>
                                                                        County #:    <u>73466</u>

Please Deduct:        $ <u>$11.07</u>                      From my account and pay
To:   <u>SELF</u>                                          Relationship:      <u>SELF</u>
Purpose:    <u>Xtra  Postage</u>

X _____
                                                           Signature of ~~Inmate~~

Approved: _____ *Oswald 693*

Disapproved: _____      Reason: _____

I received the above amount this date

_____
                                                              Signature


*CIVIL COMPLAINT TO COURT PROTHONOTARY*
*201 W. MARKET ST. STE 1425*
*P.O. BOX 2746*
*WEST CHESTER, PA 19380-0989*

*Not on Statement*

*#3 - ENVELOPES TO:   JUDGE McCABE*
*DISTRICT ATTY*
*CLERK OF COURTS*
*FOR  PETITION FOR  PAROLE*





# CHESTER COUNTY PRISON
*West Chester, Pennsylvania* 

TO: WARDEN Holland  DATE: Tuesday, August 06, 2024

FROM: INMATE  Helferty, Anthony  COUNTY # 73466

Please Deduct  $ 6.00  FROM MY ACCOUNT AND PAY

TO: Chester County Prison  RELATIONSHIP: Copier

PURPOSE: For copies

X _____ SIGNATURE OF INMATE

APPROVED: Iswalt

DISAPPROVED: _____ REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE:

SIGNATURE

*Not on statement*



# Chester County Prison
## West Chester, Pennsylvania

To:     The Warden
From:   Inmate   <u>Helferty, Anthony</u>        <u>Cell:</u>    <u>K-15</u>     Date:      8/12/2024
                                                                     County #:   <u>73466</u>

Please Deduct:          $  <u>$1.25</u>                          From my account and pay
To:     <u>SELF</u>                                             Relationship: | <s>SELF</s>
Purpose:    <u>Xtra  Postage</u>

                                                                 X _____
                                                                     Signature of Inmate

Approved:  _____

Disapproved:  _____        Reason:  _____

I received the above amount this date

                                                                 _____
                                                                     Signature

Not on Statement




# CHESTER COUNTY PRISON
*West Chester, Pennsylvania*

TO:    WARDEN Holland                    DATE:    Wednesday, August 28, 2024

FROM: INMATE    Helferty, Anthony        COUNTY #    73466

Please Deduct    $ 6.75                  FROM MY ACCOUNT AND PAY

TO:    Chester County                    RELATIONSHIP:    legal

PURPOSE:    Legal copies/ court reporters

X    _____
SIGNATURE OF INMATE

APPROVED:    Iswalt

DISAPPROVED: _____    REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE:
_____
SIGNATURE

Reference 24475F-TT

# 346255

Comm V. Lambert Transcript




69140

**CHESTER COUNTY PRISON**
**WARDEN ACCOUNT**
**501 SO. WAWASET RD.**
**WEST CHESTER, PA 19382**

MeridianBank

60-1882/319

August 29, 2024

PAY TO THE ORDER OF CHESTER COUNTY $ 6.75

Six And 75/100*************************************************************************************************** DOLLARS

**CHESTER COUNTY**
201 W MARKET ST
WEST CHESTER, PA 19380

VOID AFTER 180 DAYS

MEMO ANTHONY HELFERTY #73466 - 24-4781-TT

AUTHORIZED SIGNATURE

⑈069140⑈ ⑆031918828⑆ ⑈4811352⑈

**CHESTER COUNTY PRISON**

69140

Amount: $6.75
Paid To: CHESTER COUNTY

Date: 08/29/2024 Rcpt #: 346255 Check #: 69140
Memo: ANTHONY HELFERTY #73466 - 24-4781-TT

**CHESTER COUNTY**
201 W MARKET ST.
WEST CHESTER, PA 19380

# CHESTER COUNTY PRISON
*West Chester, Pennsylvania*

TO:  WARDEN PHILLIPS

DATE:  Tuesday, September 10, 2024

Name:  Anthony Helferty

County #:  0073466

Please Deduct  $  2.81

FROM MY ACCOUNT AND PAY

TO:  Self

RELATIONSHIP:  Self

Oversize / Overweight Mail

Ches. Co. Proth. 4781-TT    $1.53    Not on
Ches. Co. Clerk 1925(b) 572-19    $1.28    Statement

X _____
SIGNATURE OF INMATE

APPROVED:  Counselor John C. Marchegiano # 385

DISAPPROVED:

INMATE BALANCE = $ 8.02

REASON:

RECEIVED THE ABOVE AMOUNT THIS DATE:

SIGNATURE

TO:  WARDEN PHILLIPS  DATE:  Friday, September 27, 2024

Name:  Anthony HELFERTY  County #:  0073466

Please Deduct  $ 01.68  FROM MY ACCOUNT AND PAY

TO:  Self  RELATIONSHIP:  Self

Oversized / Overweight Mail

3 Separate Pieces @ S 00.56 Each

*Not on statement*

X _____

SIGNATURE OF INMATE

INMATE BALANCE = S

APPROVED:  Counselor John C. Marchegiano # 385

DISAPPROVED:

REASON:

RECEIVED THE ABOVE AMOUNT THIS DATE:

SIGNATURE



# CHESTER COUNTY PRISON
*West Chester, Pennsylvania*

TO:    WARDEN PHILLIPS

DATE:   Friday, September 27, 2024

Name:   Anthony HELFERTY       County #:   0073466

Please Deduct    $ 09.80      FROM MY ACCOUNT AND PAY

TO:   Self       RELATIONSHIP:   Self

Oversized / Overweight Mail

*Not on statement*

X
_____
SIGNATURE OF INMATE

| INMATE BALANCE = $ |
| --- |

APPROVED:    Counselor John C. Marchegiano

DISAPPROVED:

REASON:
Pro Se Inmate

RECEIVED THE ABOVE AMOUNT THIS DATE:

SIGNATURE

# U.S. District Court

## Pennsylvania Eastern - Philadelphia

Receipt Date: Nov 8, 2024 10:51AM

Anthony M. Helferty

Rcpt. No: 20024889          Trans. Date: Nov 8, 2024 10:51AM          Cashier ID: #FD

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 601 | Electronic Printing Fee | | 75 | 0.10 | 7.50 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| PC | OTCnet Check | #69364 | 11/8/2024 | | $7.50 |

Total Due Prior to Payment: $7.50

Total Tendered: $7.50

Total Cash Received: $0.00

Cash Change Amount: $0.00

# 366928

**Comments:** Anthony M. Helferty - 24-cv-2269 Re: Copy Work

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.



# Chester County Prison
# West Chester, Pennsylvania

To:    The Warden
From:    Inmate    Helferty, Anthony .        Cell:    M-36        Date:    12/12/2024
                                                                County #:    73466

Please Deduct:        $    $8.85                                From my account and pay
To:    SELF                                                     Relationship:        SELF
Purpose:    Xtra  Postage

_____
                                                                Signature of Inmate

Approved:    _____

Disapproved:    _____        Reason:    _____

I received the above amount this date
                                        _____
                                                Signature

Not on
statement

fees for mailing 12/12/24 Amended complaint
for case # 24- 4781-TT

# CHESTER COUNTY PRISON
## *West Chester, Pennsylvania*

TO:    WARDEN HOLLAND                    DATE:    Tuesday, January 21, 2025

FROM: INMATE    Helferty, Anthony              COUNTY #    73466

Please Deduct    $9.00                    FROM MY ACCOUNT AND PAY

TO:    Prison                          RELATIONSHIP:    n/a

PURPOSE:    Legal copies

X _____
SIGNATURE OF INMATE

APPROVED:    *Counselor Garcia*

DISAPPROVED: _____    REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____
                                                    SIGNATURE

*Not on statement*

# Chester County Prison
# West Chester, Pennsylvania

To:     The Warden

From:   Inmate   **Helferty, Anthony**          Cell:   **F-35**    Date:   2/19/2025

                                                              County #:   **73466**

Please Deduct:        $ **2.87**                         From my account and pay

To:     **SELF**

Purpose:        **extra postage**                 Relationship:        **SELF**

                                                _____
                                                Signature of Inmate

Approved:   Williams-995_____

Disapproved:   _____    Reason:   _____

I received the above amount this date

                                                _____
                                                          Signature

Not
on statement

HELFERTY #73466  +2.87
st road
, Pa. 19382

# Chester County Prison
# West Chester, Pennsylvania

ᚾ

**To:** The Warden

**From:** Inmate   <u>Helferty, Anthony</u>    **Cell:**   <u>F-35</u>    **Date:**   2/19/2025

**County #:**   <u>73466</u>

**Please Deduct:**    $ <u>2.87</u>    From my account and pay

**To:**   <u>SELF</u>

**Purpose:**   <u>extra postage</u>    **Relationship:**   <u>SELF</u>

_Signature of Inmate_

**Approved:** _Williams - 925_

**Disapproved:** _____

Not on statement

**Reason:** _____

I received the above amount this date

_Signature_

STEV
% Ka
555
Philad

HELFERTY # 73466  $2.87
lanaset road
rer, Pa 19382

From: Inmate: _Doherty, Anthony_    Cell: _1-35_    County #: _73400_

Please Deduct:    $ _2.31_    From my account and pay

To: _SELF_    Relationship: _SELF_

Purpose: _extra postage_

_____
Signature of Inmate

Approved: _____

Disapproved: _____ Reason: _____

Not on Statement

I received the above amount this date    _____
Signature

Helpe
CHI

2. '
2. 87
2. 87
2. 31
 charged
8. 05 - 9.67

# Chester County Prison
## West Chester, Pennsylvania

To:  The Warden

From:  Inmate  Helferty, Anthony          Cell:  F-35          Date:  3/5/2025

County #:  73466

Please Deduct:  $ 26.75

From my account and pay

To:  SELF

Purpose:  Copies          Relationship:  SELF

Signature of Inmate

# 404998

Approved:  _Williams~as__

Disapproved:  _____          Reason:  _____

I received the above amount this date

Signature  _____

CHESTER COUNTY PRISON
WEST CHESTER, PENNSYLVANIA

BED #: _P.31_

JOB: _Open_

TO: THE WARDEN                    DATE: _3/12/25_

FROM: INMATE: _Anthony Helferty Ⅱ_    COUNTY NO.: _73-166_

PLEASE DEDUCT $ _4.03_          FROM MY ACCOUNT AND PAY

TO: _CCP Mailroom_

RELATIONSHIP: _____

PURPOSE: _Extra Postage on 4 different Envelopes_

$ 1.25
$ 1.25       .28¢
$ 1.25

_Anthony M. He_____
SIGNATURE OF INMATE

APPROVED: _W. Madrik #93_

DISAPPROVED: _____    REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

# 407754

# CHESTER COUNTY PRISON
## WEST CHESTER, PENNSYLVANIA

BED #: _P-31_

JOB: _Open_

TO: **THE WARDEN**    DATE: _3/19/25_

FROM: INMATE: _Andrew Helferty_    COUNTY NO.: _734446_

PLEASE DEDUCT $ _4.31_    **FROM MY ACCOUNT AND PAY**

TO: _CCP Mailroom_    RELATIONSHIP: _____

PURPOSE: _Extra Postage_

_[signature]_

SIGNATURE OF INMATE

APPROVED: _W Watrick #03_

DISAPPROVED: _____    REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

_No + 00_
_Statement_

**CHESTER COUNTY PRISON**
**WEST CHESTER, PENNSYLVANIA**

BED #: ___P38___

JOB: _____

TO:    THE WARDEN

FROM: INMATE: _Anthony Hefferty_    DATE: _3-26-25_

PLEASE DEDUCT $ _37.75_    COUNTY NO.: _73466_

FROM MY ACCOUNT AND PAY

TO: _____

RELATIONSHIP: _____

PURPOSE: _legal copies_

SIGNATURE OF INMATE

APPROVED: _Daryl Duane_

DISAPPROVED: _____    REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE:

Copies w/ Duane  3/26/25

@ 10.00

Not on
Statement

# CHESTER COUNTY PRISON
## WEST CHESTER, PENNSYLVANIA

BED #: _P38_____

JOB: _____

TO:    THE WARDEN                          DATE: _3-27-25_____

FROM: INMATE: _Anthony Helferty_____    COUNTY NO.: _73466___

PLEASE DEDUCT $ _21.00_____ FROM MY ACCOUNT AND PAY

TO: _____ RELATIONSHIP: _____

PURPOSE: _extra postage_____

_____
                                    SIGNATURE OF INMATE

APPROVED: _Denny Duane_____

DISAPPROVED: _____ REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

Not on
Statement

2:24-CV-02269 postage for affadavit and brief
in opposition of defenses motion for Judgment

. 03/27/2025 @ 11:51 am  w/ Counselor Duane

**CHESTER COUNTY PRISON**
**WEST CHESTER, PENNSYLVANIA**

BED #: P38

JOB: _____

TO: _____  THE WARDEN  DATE: 4-2-25

FROM: INMATE: Anthony Helferty  COUNTY NO.: 234/66

PLEASE DEDUCT $ 13.25  FROM MY ACCOUNT AND PAY

TO: _____  RELATIONSHIP: _____

PURPOSE: Copies

SIGNATURE OF INMATE _____

APPROVED: Danny Duca

DISAPPROVED: _____  REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

Complete w/ Duane including Notary w/ williams
04/04/2025 @ 12:45 pm

Not on
Sheet work

**CHESTER COUNTY PRISON**
**WEST CHESTER, PENNSYLVANIA**

BED #: 238

JOB: N/A

TO: THE WARDEN    DATE: 2/3/25

FROM: INMATE: Anthony Heffert    COUNTY NO.: 73466

PLEASE DEDUCT $ 11.86    FROM MY ACCOUNT AND PAY

TO:    RELATIONSHIP:

PURPOSE: extra postage

SIGNATURE OF INMATE

APPROVED:

DISAPPROVED:    REASON:

I RECEIVED THE ABOVE AMOUNT THIS DATE:

Not an
Statement

**CHESTER COUNTY PRISON**
**WEST CHESTER, PENNSYLVANIA**

BED #: _P38_

JOB: _N/A_

TO:    THE WARDEN

FROM:   INMATE: _Hefferty Anthony_    DATE: _4/16/25_    COUNTY NO.: _234lo6_

PLEASE DEDUCT $ _21.28_     FROM MY ACCOUNT AND PAY

TO: _____    RELATIONSHIP: _____

PURPOSE: _legal copies extra postage_ ____

_____
SIGNATURE OF INMATE

APPROVED: _(signature) Daryl Deane_

DISAPPROVED: _____    REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

_Not on statement_

# CHESTER COUNTY PRISON
## WEST CHESTER, PENNSYLVANIA

BED #: _P38_

JOB: _N/A_

TO:     THE WARDEN

FROM:   INMATE: _Hefferty Anthony_          DATE: _4-16-25_

COUNTY NO.: _73466_

PLEASE DEDUCT $ _21.28_   FROM MY ACCOUNT AND PAY

TO: _____

PURPOSE: _legal copies_          RELATIONSHIP: _____

                                    _(signature)_
                                SIGNATURE OF INMATE

APPROVED: _Dana L Diane_

DISAPPROVED: _____   REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

CHESTER COUNTY PRISON
WEST CHESTER, PENNSYLVANIA

BED #: _P38_

JOB: _N/a_

TO: THE WARDEN

FROM: INMATE: _William Anthony Melfort_  DATE: _6/15/25_

COUNTY NO.: _23466_

PLEASE DEDUCT $ _22.00_  FROM MY ACCOUNT AND PAY

TO: _____  RELATIONSHIP: _____

PURPOSE: _Legal Copies_

_____
SIGNATURE OF INMATE

APPROVED: _Danny Deare_

DISAPPROVED: _____  REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE: _____

_Not on_
_Statement_

**CHESTER COUNTY PRISON**
**WEST CHESTER, PENNSYLVANIA**

BED #: _P38_

JOB: _____

TO: THE WARDEN                    DATE: _4/21/25_

FROM: INMATE: _Anthony Helferty_  COUNTY NO.: _23466_

PLEASE DEDUCT $ _.56_             FROM MY ACCOUNT AND PAY

TO: _____              RELATIONSHIP: _____

PURPOSE: _extra postage_

_____
SIGNATURE OF INMATE

APPROVED: _____

DISAPPROVED: _____      REASON: _____

I RECEIVED THE ABOVE AMOUNT THIS DATE:

Not on
Statement

24-2269

# Chester County Prison
# West Chester, Pennsylvania

To:    **The Warden**                                                    Date:      **5/2/2025**
From:  **Inmate   Helferty, Anthony**          **Cell:**    **E-21**    County #:   **73466**

Please Deduct:        **$  4.75**                          From my account and pay
To:    **SELF**                                        Relationship:      **SELF**
Purpose:      **Legal copies**

_Signature of Inmate_

Approved:      _williams 4.75_

Disapproved:   _____          Reason:   _____

I received the above amount this date

_____
**Signature**

_Not on Statement_

The Warden

Inmate   **Helferty, Anthony**          **Cell:**   **E-27**   **Date:**   **5/7/2025**

**County #:**   **73466**

Deduct:      $  **0.28**                           **From my account and pay**

**SELF**                                           **Relationship:**      **SELF**

**::**   **Extra postage**

Signature of Inmate

'ed:      W.Warr-PS

roved:                                             **Reason:**   _____

'ed the above amount this date

Signature

---

The Warden

Inmate   **Helferty, Anthony**          **Cell:**   **E-27**   **Date:**   **5/7/2025**

**County #:**   **73466**

Deduct:      $  **0.28**                           **From my account and pay**

**SELF**                                           **Relationship:**      **SELF**

**e:**   **Extra postage**

Signature of Inmate

'ved:      W.Warr-PS

roved:                                             **Reason:**   _____

'ed the above amount this date

Signature

# EXHIBIT R ~ 7

4 pages

Description: Helferty's service records of his
Amended Civil Complaint and Petition
for Preliminary Injunction.

IN THE UNITED STATES COURT OF
THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY M. HELFERTY                          : Civil Action - Law
                                             :
      — v s —                                :
                                             :
Howard Holland, Warden                       : No. 24-2269
George Roberts, Deputy Warden
Robert Mastnjak, Lieutenant officer          — Defendants are sued
Scott Pezick, Police officer                    individually and officially
Edward Nolan, Custodian of records

CERTIFICATE OF SERVICE

I, Anthony M. Helferty declare that the foregoing documents
"AMENDED COMPLAINT No. 24-2269, VERIFICATION, SUMMONS &
CERTIFICATE OF SERVICE" has been served by the United
States Postal Service upon the below listed.

Pursuant to F.R.Civ.P 4 (i)(1) & F.R.A.P. 4 (c)(1), this document
is considered served with the above listed once entered into
prison postal custody. It has been entered on:
DATE: 12/23/24  TIME: 1:26 AM/PM  LOCATION: M-Block  OFFICER: Mehn

NAME: U.S. District Court Proth.        NAME: Lamb McErlane P.C. Atty Donster
ADDRESS: 601 Market st. Rm. 2609        ADDRESS: 24 E. Market st.
       Philadelphia, Pa. 19106-1797              P.O. BOX 565
                                                 West Chester, Pa. 19381

NAME:

ADDRESS:

NAME:

ADDRESS:

DATE: 12/22/2024

/s/ _Anthony M. Heiferty_

Anthony M. Heiferty

501 S. Wawaset road # 73466

West Chester, Pa. 19382

Heferty V. Ches. Co. Prison et al.

# CHESTER COUNTY PRISON INMATE REQUEST

**INSTRUCTIONS: Complete items 1-6. Careful Preparation of your request will enable a prompt disposition.**

| 1. To: (Name of Staff Member): Prisoner Mail Box Rule | 2. Date: 12/23/2024 |
|---|---|
| 3. By: Hefferty, Anthony | 4. Co #: T3466 |
| 5. Cell #: M-36 | |

**6. Subject: State briefly, but completely the reason for this request.**

Pursuant to the Prison Mail Box rule, F.R.Civ.P. 4(i) & F.R.A.P. 4 (c)(1) this document is proof of service that I did enter into Prison Postal Custody "AMENDED COMPLAINT 24-3269, Summons & VERIFICATION of CERTIFICATE OF SERVICE" on the following 12/23/24 @ 01:36 pm to Officer mehn.

The documents were mailed to the following persons:

U.S. District Court Prothonotary 601 Market st Rm 2609 Philadelphia, Pa. 19106

- AND -

**Remarks, Comments & Recommendations from Block Officer**

Officers Signature    Date:

Disposition: LAMB McEnhone P.C & Guy Donatelli; 24 E. Market st. P.O. Box 565 West Chester, Pa. 19382

Staff Member:    Date:

→ Signed Overweight w/ 1 SWALT 12/30/24 @ 09:30 am ←

Pursuant to 28 USCS §1746 & iv Pa. C.S.A. 4904 the above

Officer refused to sign

ANTHONY M. HELFERTY

     - VS -

HOWARD HOLLAND, Warden
GEORGE ROBERTS, Deputy Warden
ROBERT MASTNJAK, Lieutenant Officer

: IN THE UNITED STATES COURT
: EASTERN DISTRICT, PENNSYLVANIA
:
: Case No. 24-cv-02269

## CERTIFICATE OF SERVICE

I, Anthony M. Helferty do swear and affirm that I have served the
"PETITION FOR PRELIMINARY INJUNCTION WITHOUT PRIOR WRITTEN NOTICE AND HEARING"
to the below listed parties:

                              #1                                #2

NAME: LAMB MCERLANE PLC, GUY A. DONATELLI ESQUIRE | U.S. Dist ct. Prothonotary
ADDRESS: 24 E. MARKET Street West Chester, Pa. 19381 | 601 Market st. Phila, Pa.

Pursuant to the Prison Mail Box Rule, F.R.Civ.P. 4$^{(1)}$, F.R.A.P. 4$^{(a)}$ $^{(A)(ii)}$$^{(1)}$
and 28 USCS $^\#$1746, This document is proof that the aforementioned
document was served, and this properly executed document is subject
to the penalties of perjury.

Service was executed by United States Postal Service and said
document was submitted into Prison Postal Custody on:

DATE: 11/04/24 TIME: 16:54 AM/PM   LOCATION: L-block   OFFICER: Askaryder

501 S. Wawaset Road
West Chester, Pa. 19382

/s/ [signature]

Anthony M. Helferty #73466

Hefferty & Chris Co Pr

## CHESTER COUNTY PRISON INMATE REQUEST

**INSTRUCTIONS: Complete items 1-6. Careful Preparation of your request will enable a prompt disposition.**

| 1. To: (Name of Staff Member) | 2. Date: |
|---|---|
| Prisoner Mail Box Rule | 10/31/2024 |

| 3. By: Hefferty Anthony | 4. Co #: |
|---|---|
| | 734166 |

| 5. Cell # L-36 | 24-02269 |
|---|---|

**6. Subject: State briefly, but completely the reason for this request.**

Pursuant to the prison mail box rule
F.R.Civ.P. 4 (1) & 28 USCS §1746
this document is proof of service
that I did serve upon the
prothonotary at:

601 Market St. Rm 2609
Philadelphia, Pa 19106

my Petition for injunction & temp restraining
order on 10/31/24 @ 20:45 on

**Remarks, Comments & Recommendations from Block Officer**

L-Block Chester County Prison to
Officer Schivone, He Refused to sign.

Officers Signature _____ Date: _____

This document is subject to the
Disposition: penalties of perjury and is
true and correct to my belief.

| Staff Member: [signature] | Date: |
|---|---|
| | 10/31/24 C 2163 |

Signed Overnight 11/1/24 @ 1300 pm ~ ✓

# EXHIBIT R~8

1 pages

Description: A copy of a request slip directed to
the mail room requesting 1 letter be
printed.

**CHESTER COUNTY PRISON**

**INMATE REQUEST**

INSTRUCTIONS: Compl items 1-6. Careful Prepar your request will enable a prompt disposition.

**1. To: (Name of Staff Member)** Mailroom

**2. Date:** 05/01/2025

**3. By:** Anthony Helferty

**4. Co #** 73466

**5. Cell #** E~21

2550126

**6. Subject: State briefly, but completely the reason for this request.**

Please print for me my mail dated 4/15/2025 letter# 6714572 It totals 7 pages. This is my second request

**Remarks, Comments & Recommendations from Block Officer**

**Officers Signature** Dennison 1243   **Date:** 5/1/2

**Disposition:** Mr. Helferty again the only way to printout what you are requesting is if you are on RHU. we do not print out letters. only for those who are on RHU or by Captains request. we are not holding your mail you recieve it by

**Staff Member:** Co'foggy #507   **Date:** 5/5/25

Tablet. if its something you need printed Talk to your Counselor.

Letter from Riley Helferty stating mail was being DENIED/REFUSED

Anthony Helferty F9
501 S. Wawaset rd
West Chester, Pa. 19382

+ 9.35



quadient

PRIORITY MAIL
IMI
$009.35
05/23/2025 ZIP 19382
043M31228302

US POSTAGE

U.S. District Court
% Prothonotary
601 Market st. room 2609
Philadelphia, Pa. 19106



RECEIVED
MAY 2 9 2025
X-RAY
USMS